**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger ( State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**ARNOLD & PORTER LLP**
TRENTON H. NORRIS (SBN 164781)
trenton.norris@aporter.com
ZACHARY B. ALLEN (SBN 260694)
zachary.allen@aporter.com
JONATHAN L. KOENIG (SBN 281737)
jonathan.koenig@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTTY MAHLUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INC.,<br><br>Defendant. | Case No. 5:14-cv-02988-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  January 8, 2015<br>Time:  1:30 p.m.<br>Courtroom 8, 4th Floor<br><br>The Hon. Lucy H. Koh |

Scotty Mahlum ("Plaintiff") and Adobe Systems, Inc. ("Defendant"), the parties to the above-titled action (collectively "Parties"), jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction & Service**

Plaintiff filed his complaint on June 27, 2014, and service was completed on July 8, 2014.

Plaintiff alleges that this Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") because (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have different citizenship from Defendant; and (c) the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

Plaintiff alleges that this Court has personal jurisdiction over Defendant because Defendant is registered with the California Secretary of State to conduct business within California, has its headquarters in California, and conducts substantial business within California, such that Defendant has significant, continuous and pervasive contacts with the State of California.  Further, Defendant's terms of use include a choice of law clause requiring an agreement that the laws of California apply to contracts between Defendant and residents of North America.

Plaintiff alleges that venue is proper in this Court under 28 U.S.C. § 1391(b) and N.D. Cal. Local Rule 3-2(e) because Defendant transacts significant business within this District and is headquartered in this District; venue is proper under 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this District; and venue is also proper because the terms of the Membership Plan provide that all claims between Defendant and its subscribers must be resolved by a court located in Santa Clara County, California, United States of America.

**2.     Facts**

**Plaintiff's Statement**

This is a class action challenging Defendant Adobe Systems Incorporated's imposition of early termination fees ("ETF") on its Adobe Creative Cloud subscribers in violation of Civil Code §

1671(d) and other provisions of California law.  Class Action Complaint ¶1.  Plaintiff and the members of the proposed plaintiff class are individuals who are or were Creative Cloud subscribers who were subject to, charged and/or paid an ETF.  *Id.* at ¶ 4.

Defendant provides a subscription-based service for customers to use its Adobe Creative Cloud software.  *Id.* at ¶ 2.  Adobe Creative Cloud includes applications like Photoshop, Illustrator, InDesign, Adobe Muse and other creative tools.  *Id.*  Defendant's Creative Cloud "complete plan" costs customers $49.99 per month for one year.  *Id.*  Defendant's "individual plan" costs customers $9.99 per month for access to individual programs within Creative Cloud, such as Photoshop.  *Id.*

The terms of Defendant's annual subscription agreement (the "Membership Plan") provides for the imposition by Defendant of early termination fees.  *Id.* at ¶ 3.  The Membership Plan provides that Defendant will impose an ETF, whenever a subscriber cancels the service thirty days after subscribing, in the amount of 50% of the remaining balance of the yearly commitment price.  *Id.*  Defendant's ETF is an unlawful penalty for a customer's breach of the annual contract.  The ETFs have generated substantial revenues and profits for Defendant.  *Id.*  at ¶ 5.  By his complaint, Plaintiff seeks, to permanently enjoin the enforcement and threat of collection of the ETFs and to recover as damages and/or restitution all ETFs paid by members of the plaintiff class.  *Id.*

The ETFs constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 ("§ 1671"); unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); and unconscionable under California Civil Code § 1750 *et seq.*, the Consumers Legal Remedies Act (the "CLRA").  *Id.* at ¶ 6.  Plaintiff therefore seeks to (a) permanently enjoin Defendant from collecting the ETFs; (b) recover as damages and/or restitution all ETFs heretofore paid by members of the putative class; and (c) obtain all such other relief to which they may be entitled pursuant to Civil Code § 1671, the UCL or any other applicable provision of California law, including without limitation, disgorgement, actual damages and restitution.  *Id.* at ¶ 7.

**Defendant's Statement**

Adobe offers subscription-based access to its popular Adobe Creative Cloud service.  Through Adobe's Creative Cloud, subscribers may use over twenty-five creative applications,

including Photoshop, Acrobat Pro, InDesign, Illustrator, Muse, and other applications. Adobe offers plans providing access to individual applications within Creative Cloud, as well as a "Complete" plan providing access to all of the Creative Cloud applications. The individual application plans are available for an annual subscription at a fixed monthly rate. The "Complete" plan is available either on a monthly subscription for $74.99 per month, or for an annual subscription for approximately $600, payable at a rate of $49.99 per month. All of the annual subscription plans contain a cancellation provision, which states: **"We'd hate to see you go, but if you cancel within the first 30 days, we'll give you a full refund. Otherwise, you'll be billed 50% of your remaining contract obligation."** (Compl. ¶ 20.)

The Complaint alleges that Plaintiff selected and purchased an annual subscription to the "Complete" plan of Creative Cloud. (*Id.* ¶¶ 2, 8.) Plaintiff agreed to be billed $49.99 per month for one year. (*Id.* ¶ 2.) Plaintiff had the option to cancel within thirty days and receive a full refund, but he chose not to. (*Id.* ¶ 20.) Six months into the subscription, Plaintiff cancelled the service. (*Id.* ¶ 8.) Pursuant to the subscription terms, Plaintiff paid fifty percent of the remaining amount due on the contract. (*Id.*) Specifically, Plaintiff paid approximately $150, instead of the approximately $300 he had initially agreed to pay for the remaining six months. (*Id.* ¶¶ 2, 8.) By choosing the annual subscription plan and cancelling six months into the year, Plaintiff paid, in total, the same amount of money he would have paid had he selected the monthly subscription for six months, approximately $450.

**3.    Legal Issues**

**Plaintiff's Statement**

Plaintiff asserts four claims:

- Violation of California Civil Code § 1671(d), (Count I),
- Violation of the California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §1750, *et seq.*, (Count II),
- Violation of the unlawful and unfair prongs of the California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200 *et seq.* (Counts III-IV).

JOINT CASE MANAGEMENT STATEMENT
4:13-CV-00729-YGR
3

Legal issues related to Plaintiff's claims:

- Whether Adobe's early termination fee of 50% of subscribers' remaining contract obligation is an invalid liquidated damages penalty fee imposed upon breach of the subscriber's annual commitment contract,
- Whether Adobe conducted a reasonable endeavor to fix fair and average compensation for breach of subscriber's commitment to pay monthly fees for one year;
- Whether it would be impracticable or extremely difficult to fix the actual damage suffered by subscribers' breach of the annual contract; and

**Defendant's Statement**

Plaintiff has conceded that all of his claims rise or fall with his Section 1671 claim. Accordingly, the primary legal issue is whether the charge at issue is an alternative means of performance or a liquidated damages provision. This legal issue is before the Court in Defendant's pending Motion to Dismiss and may be resolved at the pleadings stage as a matter of law.  Only if the Court determines that the charge is *not* an alternative means of performance is it necessary to consider whether the charge is a *valid* form of liquidated damages.

4. **Motions**

Defendant's motion to dismiss Plaintiff's complaint was fully briefed as of December 12, 2014.  Defendant's motion is set for hearing before this Court on January 8, 2015.

**Plaintiff's Statement**

Depending on this Court's decision on Defendant's motion to dismiss, Plaintiff anticipates moving for class certification and for summary judgment.

**Defendant's Statement**

If Defendant does not prevail on its Motion to Dismiss, Defendant intends to bring an early motion for summary judgment prior to any motion for class certification.

5. **Amendment of Pleadings**

No amendments to the pleadings have been filed and none are anticipated at this time.

**Plaintiff's Statement**

Plaintiff proposes March 31, 2015 as the deadline for amending the pleadings without leave of Court.

**Defendant's Statement**

Defendant proposes January 15, 2015 as the deadline for amending the pleadings without leave of Court.

**6.     Evidence Preservation**

The Parties agree to take reasonable and necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties have agreed to postpone initial disclosures until the Court has an opportunity to make a recommendation to the Parties with respect to timing of the disclosures. The Parties state their respective proposals for the timing of initial disclosures below.

**Plaintiff's Statement**

Plaintiff proposes that the deadline for initial disclosures should be January 15, 2014, which is one week after the hearing on Defendant's motion to dismiss and the Scheduling Conference scheduled for January 8, 2014.

**Defendant's Statement**

Defendant proposes that the deadline for initial disclosures should be two weeks after the Court rules on Defendant's pending Motion to Dismiss, which is scheduled to be heard on January 8, 2015. No disclosures will be necessary if Defendant prevails on its Motion to Dismiss.

**8.     Discovery**

On December 18, 2014, the parties conferred pursuant to Fed. Rule Civ. P. 26 and Local Rules 16-9 and 16-10. The parties have agreed to confer regarding a protective order and a protocol for producing electronically stored information.

**Plaintiff's Statement**

Following the parties' meeting pursuant to Fed. Rule Civ. P. 26, on December 19, 2014, Plaintiff served a first set of requests for production that included one request, and a first set of

interrogatories that included four interrogatories.  Plaintiff intends to seek discovery regarding, among other things: (1) any cost studies that Defendant performed prior to setting the ETFs to measure anticipated or actual losses that it would suffer as a result of subscribers' cancellation of their contracts; (2) documents sufficient to identify the total dollar amount Defendant charged and/or collected for ETFs; (3) revenue and profits earned by Defendant from imposing and collecting ETFs; (4) documents sufficient to illustrate all versions of Defendant's Creative Cloud Subscription contracts; (5) documents sufficient to identify the total number, location, and identities of customers who were charged and/or paid and ETF; (6) documents, including internal memoranda and customer service representative scripts, concerning Defendant's policies or procedures for imposing and collecting ETFs; (7) all form or standard documents, correspondence, or communications to or from Defendant's subscribers relating to the imposition, assessment or collection of ETFs; (8) documents sufficient to identify Defendant's policies, procedures, protocols, criteria, and/or actions regarding customer retention; and (9) all versions of Defendant's website and any published communications on Defendant's website, relating to the ETF.

Discovery should not be stayed until after the Court rules on Defendant's Motion to Dismiss.  Because Defendant proposes to bring an early motion for summary judgment, Plaintiff served an initial set of discovery following the parties' 26(f) conference, and anticipates serving additional discovery in advance of any motion for summary judgment brought by Defendant.

**Defendant's Statement**

Discovery should be stayed until after the Court rules on Defendant's Motion to Dismiss. Any discovery at this stage is premature, as the Court has not ruled on the threshold issue in this case, i.e., whether the charge is an alternative means of performance or a liquidated damages provision.  No discovery will be necessary if Defendant prevails on its Motion to Dismiss.

**9.     Class Actions**

**Plaintiff's Statement**

Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to the provisions of Fed. R. Civ. Proc. 23.

Plaintiff seeks certification of the following class (the "Class"):

A nationwide class of all current and former consumer subscribers of Defendant's Creative Cloud or individual programs within Creative Cloud in the United States who are subject to, were charged and/or paid an ETF or other fee related to the cancellation of service. Any judicial officer to whom the Action is assigned is excluded from the Class

Plaintiff proposes that the deadline for Plaintiff to file his motion should be June 26, 2015, that the deadline for Defendant to file its opposition to Plaintiff's motion should be July 24, 2015, that the deadline for Plaintiff to file his reply in support of his motion for class certification should be August 21, 2015, and that the motion be heard on September 10, 2015 at 1:30 p.m. or at such other time that is convenient for the Court. It is also Plaintiff's position that Defendant's proposed schedule (below) unnecessarily delays the adjudication of Plaintiff's motion for class certification.

**Defendant's Statement**

Defendant proposes the following deadlines for briefing on class certification:

- August 17, 2015 - Plaintiff's Motion
- September 17, 2015 - Defendant's Opposition
- October 1, 2015 - Plaintiff's Reply
- October 22, 2015, or at the convenience of the Court - Hearing

**10.    Related Cases**

The Parties know of no other cases that are related to the above captioned action.

**11.    Relief**

**Plaintiff's Statement**

Plaintiff seeks an order certifying the proposed class, damages, punitive damages, restitution, injunctive relief, attorney's fees, costs and such other relief as the Court may deem appropriate.

**Defendant's Statement**

Plaintiff is not entitled to any relief in this action.

**12.    Settlement and ADR**

The Parties have not yet discussed resolution of this matter through ADR, but are amenable to considering participating in either private mediation or a settlement conference with a magistrate judge after the Court has ruled on Defendant's pending motion to dismiss.

1     **13.**    **Consent to Magistrate Judge for All Purposes**

2     The Parties do not consent to assignment of this case to a magistrate judge.

3     **14.**    **Other References**

4     The Parties do not believe the case is suitable for reference to binding arbitration, a special

5 master, or the Judicial Panel on Multidistrict Litigation at this time.

6     **15.**    **Narrowing of Issues**

7     This case is still in its initial stages.

8     **Plaintiff's Statement**

9     After conducting initial discovery, Plaintiff will be in a better position to determine if issues

10 can be narrowed by agreement or motion.

11     **Defendant's Statement**

12     After the Court rules on Defendant's Motion to Dismiss, Defendant will be in a better

13 position to determine if issues can be narrowed by agreement or motion.

14     **16.**    **Expedited Trial Procedure**

15     The Parties do not believe that this case can be handled under the Expedited Trial

16 Procedure.

17     **17.**    **Scheduling**

18     **Plaintiff's Statement**

19     Plaintiff proposes that the dates for designation of experts, discovery cutoff, hearing of

20 dispositive motions, pretrial conference and trial should be set following the Court's ruling on

21 Plaintiff's anticipated motion for class certification.  Alternatively, Plaintiff proposes that the

22 deadline for the close of fact discovery should be December 31, 2015, that the parties designate

23 experts by February 1, 2016, that the parties designate rebuttal experts by March 1, 2016, that the

24 deadline to hear dispositive motions should be March 31, 2016, that the pretrial conference should

25 be set for April 28, 2016 at 1:30 p.m., and that trial should be set for May 16, 2016.

26     Plaintiff objects to Defendant's proposed schedule for its motion for summary judgment.  A

27 summary judgment motion filed on February 6, 2015, with Plaintiff's opposition due on March 6,

28 2015, would not provide Plaintiff sufficient time to conduct discovery to oppose Defendant's

1  motion. Most of the relevant documents are in Defendant's possession. To effectively oppose a
2  motion for summary judgment, Plaintiff will require Defendant's responses to written discovery
3  and depositions related to the purpose, function, and operation of Adobe's cancellation fee, as well
4  as to the terms of Defendant's Creative Cloud contracts. Further, Defendant's schedule may not
5  provide time for this Court to rule on Defendant's pending Motion to Dismiss that is scheduled for
6  hearing on January 8, 2015.

**Defendant's Statement**

If Defendant does not prevail on its Motion to Dismiss, Defendant intends to bring an early motion for summary judgment. Defendant proposes that the dates for such motion be scheduled following the Court's ruling on Defendant's Motion to Dismiss, and based on the date of that ruling, tentatively proposes the following briefing schedule:

- February 6, 2015 - Defendant's Motion
- March 6, 2015 - Plaintiff's Opposition
- April 6, 2015 - Defendant's Reply
- April 23, 2015, or at the convenience of the Court - Hearing

Defendant is otherwise in agreement with Plaintiff's above proposed schedule for the close of fact discovery, expert designation, dispositive motions, and trial.

**18.  Trial**

**Plaintiff's Statement**

Plaintiff has demanded a jury trial, and expects the trial to last approximately two to three weeks.

**Defendant's Statement**

Defendant expects the trial to last approximately five days.

**19.  Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-16 by filing a Certificate of Interested Parties.

**20.  Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  December 31, 2014          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___/s/ L. Timothy Fisher___
            L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
             apersinger@bursor.com
             ykrivoshey@bursor.com

*Attorneys for Plaintiff*

Dated:  December 31, 2014          **ARNOLD & PORTER LLP**

By: ___/s/ Trenton H. Norris___
            Trenton H. Norris

TRENTON H. NORRIS (SBN 164781)
trenton.norris@aporter.com
ZACHARY B. ALLEN (SBN 260694)
zachary.allen@aporter.com
JONATHAN L. KOENIG (SBN 281737)
jonathan.koenig@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400

*Attorneys for Defendant*